UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

TERESA STEINMAUS,

    Plaintiff,

v.                                                    Case No. 2:07-cv-103
                                                  HON. GORDON J. QUIST

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Teresa Steinmaus appeals the denial of her request for supplemental security income (SSI) benefits and disability insurance benefits (DIB). Plaintiff filed her application in June of 2002 claiming that she became disabled in March of 2000. See Transcript of Administrative Proceedings at 385-387 (hereinafter Tr. at ___). Plaintiff's request for SSI and DIB were denied initially and upon reconsideration. Thereafter, plaintiff requested a hearing before an Administrative Law Judge (ALJ). The hearing was held on September 13, 2004, at which plaintiff and a vocational expert testified. On November 23, 2004, a decision was issued by ALJ Robert M. Senander denying plaintiff's request for DIB and finding that plaintiff was not eligible for SSI benefits. Tr. at 20-31. According to the ALJ, plaintiff was capable of performing a limited range of sedentary work which existed in significant numbers in the national economy. Relying in part on the testimony of the vocational expert, the ALJ denied plaintiff's request for benefits. Thereafter, plaintiff requested review of the ALJ's decision by the Appeals Council, through legal counsel. On March 30, 2007, plaintiff received notice of the Appeals Council's decision to deny her request for review. Tr. at 5-8. Because the Appeals Council denied plaintiff's request for review, the ALJ's decision became the

final decision of the Commissioner. Plaintiff then filed her complaint in this Court, seeking review of the Commissioner's denial of benefits. The parties have fully briefed the issues presented and the matter is ready for a decision.

The ALJ utilized the five step evaluation process and concluded at Steps 1 and 2 that plaintiff was not engaged in gainful activity and that her various maladies were "severe." At Step 3 the ALJ found that plaintiff's impairments did not meet or equal any listed impairments. The ALJ next found that plaintiff was not capable of performing any of her past relevant work, which was limited. At Step 5, the burden shifts to the Commissioner to determine whether or not plaintiff possessed the residual functional capacity to perform work which existed in the national economy. It was at this step that the ALJ concluded that plaintiff could perform a limited range of sedentary work which existed in the national economy. This Court must review the ALJ's denial of benefits utilizing the substantial evidence standard. 42 U.S.C. § 405(g), *Shelman v. Heckler*, 821 F.2d 316, 319 (6th Cir. 1987). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sherman*, 821 F.2d at 320. This is a highly deferential standard and it "is not necessary that this court agree with the Commissioner's finding, as long as it is substantially supported in the record." *Rogers v. Commissioner of Social Security*, 486 F.3d 234, 241 (6th Cir. 2007).

Plaintiff maintains in this appeal that the ALJ erred at the third step finding that plaintiff did not meet or equal an impairment listed in Appendix 1, Subpart P, of the regulations. Plaintiff further maintains that the ALJ erred in finding that plaintiff was capable of performing a limited range of sedentary work. Plaintiff relies heavily on her argument that her treating physician indicated that she was not capable of performing work and that the ALJ improperly disregarded this opinion.

I have carefully considered and reviewed the entire record in this case. It is apparent that plaintiff suffers from a myriad of problems. She has a history of chronic low back pain with mild stenosis and a bulging disk at L4-L5, she has hepatitis which was associated with alcohol abuse, she has a history of alcohol abuse, she has suffered from anxiety and depression, she is morbidly obese, she has heart problems, lung problems, anemia, and problems as a result of a failed gastric bypass surgery. Tr. at 344. See also Tr. at 254, 261, 267, 297, 314, 328, 337. Plaintiff is prescribed a significant number of medications to treat her various problems. As explained in September of 2004, plaintiff was taking:

> Verapamil CR 180 mg 1/2 tablet per day, Ranitidine 300 mg at bedtime, Aciphex 20 mg 1 tablet b.i.d., Beconase AQ nasal inhaler 0.042% 1 spray to each nostril at nighttime, Lisinopril 20 mg b.i.d., Vicodin HP 10/660 1 tablet a6 hours as needed for pain, Lexapro 10 mg a day, Lasix 80 mg in the morning and 40 in the evening, Advair Diskus 250/50 1 puff b.i.d., Potassium 20 mEq once a day, Vitamin B12 1000 mcg once a month, BuSpar 15 mg 1/2 tablet t.i.d., Neurotin 600 mg t.i.d., Ativan 1 mg t.i.d. as needed for severe anxiety, Albuterol inhaler 2-4 puffs q4-6 hours as needed for shortness of breath or wheezing.

Tr. at 345.

Having reviewed the entire medical record, it is apparent that plaintiff's various problems, in combination, have resulted in severe impairments. It is also likely that there is an interrelationship between plaintiff's individual problems which have exacerbated her overall condition. Her obesity has affected her heart and lung condition; her obesity and her heart, back and lung conditions have contributed to her depression; and these conditions in combination have had an impact on her alcohol use. Tr. at 261. Various medical professionals who have considered plaintiff's condition have remarked regarding her ability to perform employment. In April of 2002, Dr. Richards, a psychiatrist, indicated that plaintiff was not able to perform employment at that time.

Tr. at 110. Marcus Desmonde, a license psychologist, indicated that plaintiff was capable of performing some work. Tr. at 122-125. A residual functional capacity assessment completed by a Social Security physician concluded that plaintiff was capable of performing work. Tr. at 138-165. In May of 2003, Dr. Villanueva explained:

> At this point she considers that her symptoms are disabling to her. As I have dictated above, she cannot do much per her report. I have explained to her that I think what we should focus on is not trying to get disability but to get her functional so she can be productive if possible. She tells me that she understands and agrees with that but at this point she hasn't been receiving any income for a long time and that is why she is working on the help from Social Security.

Tr. at 209.

By July of 2004, Dr. Villanueva's opinion had changed somewhat. On July 21, 2004, he wrote the following "to whom it may concern" letter:

> I am writing you this letter at the request of Ms. Teresa M. Steinmaus. Ms. Steinmaus is a 47 year old lady currently under my care for multiple medical problems including: moderate to severe asthma, congestive heart failure, chronic pain syndrome, severe anemia, morbid obesity, anxiety and depression.
>
> She was last seen in the office on 7/15/04 after being discharged from Grand View Hospital. It is my medical opinion that given her multiple comorbid problems and her current physical condition it is very unlikely she would be able to hold any employment at the present time.

Tr. at 227. See also medical report of July 15, 2004, where Dr. Villanueva indicates:

> Teresa informs me that she will be working with her lawyer to get multiple benefits including Social Security. I think that at this point given her multiple comorbid problems and her current physical condition realistically it is impossible for her to hold a job. She tells me that she might need a letter for this. I will be happy to write that for her.

Tr. at 235.

A treating physician's opinion is generally afforded "substantial if not controlling deference." *Warner v. Commissioner of Social Security*, 375 F.3d 387, 390 (6th Cir. 2004). The deference to a treating physician's opinion is appropriate only where the treating physician's opinion is "well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record." *Rogers*, 486 F.3d at 242. However, a treating physician's opinion that a claimant is disabled is not entitled to deference because it is the perogative of the Commissioner, not the treating physician, to make a disability determination. *See Warner*, 375 F.3d at 390; *see also Bass v. McMahon*, 499 F.3d 506, 511 (6th Cir. 2007). A rejection of a treating physician's opinion can only be disregarded for "good reasons." *See Rogers*, 486 F.3d at 242.

This Court is faced with the task of determining whether the ALJ's decision was erroneous in failing to adopt the opinion of the treating physician that plaintiff was not capable of working. The ALJ's decision exhibits a comprehensive review of the entire medical record. After carefully reviewing the medical record, the ALJ did conclude that plaintiff suffered from severe impairments. However, the ALJ concluded that those impairments were not as severe as the plaintiff alleged and did not support a finding that she was disabled as that term is used in the Act. In the interest of brevity, I will not repeat the findings of the ALJ. The ALJ's decision includes a comprehensive analysis of the medical evidence of record. In my opinion, there is substantive evidence to support the findings of the ALJ. This is, however, a difficult case. Plaintiff clearly does suffer from severe impairments which will make it very difficult to maintain substantial gainful employment. If I were reviewing this case *de novo*, I might well conclude that plaintiff is disabled. However, the Court is not permitted to review the case *de novo* and is strictly limited to determining whether or not there is substantial evidence to support the findings of the ALJ. I recommend that

the Court find that there is substantial evidence to support the decision of the ALJ. The ALJ carefully considered the entire record and did not ignore any evidence of record. The treating physician, Dr.Villanueva , at one point indicated that plaintiff should attempt to return to the work force and later indicated that realistically plaintiff was probably not capable of performing work. While it may appear to be a matter of semantics, there is, in my opinion, a difference between whether it is realistic that someone will return to work and whether they are totally disabled from performing substantial gainful employment. Given the myriad of plaintiff's problems, both physical and mental, I agree that it is unlikely that she could succeed at substantial gainful employment. I cannot conclude, however, that there is not substantial evidence in the record to support the conclusion that plaintiff is *capable* of performing a limited range of sedentary work. The ALJ did not specifically state reasons for rejecting the treating physician's opinion, but did specifically state the reasons for concluding that plaintiff was capable of performing substantial gainful employment. The ALJ's decision was based on the medical evidence of record. The ALJ was not required to accept the opinion that plaintiff was not realistically capable of performing work. The ALJ's decision appears to be consistent with the statement by the treating physician that plaintiff needed to focus on becoming functional and not on receiving disability benefits. Tr. at 209.

Plaintiff also argues that the ALJ erred in not fully crediting plaintiff's claims of disabling pain. It it well established that the ALJ's credibility determinations are entitled to great deference and that this Court's review must determine whether the discrediting of plaintiff's allegations "are reasonable and supported by substantial evidence in the record." *See Jones v. Commissioner of Social Security*, 336 F.3d 469, 476 (6th Cir. 2003). I have reviewed the entire record and find that the ALJ's discrediting of plaintiff's allegations of disabling pain are reasonable and supported by substantial evidence in the record.

Having carefully considered the arguments of plaintiff, and having thoroughly reviewed the evidence of record and the ALJ's decision, I am constrained to recommend that the Court denying plaintiff's request for disability benefits and that the decision of the Commissioner be affirmed.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3.  Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

      /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   September 9, 2008